**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BROOKSIDE GROUP, LLC<br>　　　　　Plaintiff,<br><br>v.<br><br>CARIS HEALTHCARE, LP,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:18-cv-1005-AT<br>)<br>)<br>)<br>)<br>) |

**[~~PROPOSED~~] AMENDED ANSWER AND COUNTERCLAIM OF
DEFENDANT CARIS HEALTHCARE, LP
TO PLAINTIFF'S COMPLAINT**

Defendant, Caris Healthcare, LP ("Caris"), by counsel, submits the following Amended Answer to the Complaint ("Complaint") filed by Plaintiff Brookside Group, LLC ("Plaintiff" or "Brookside"). Caris denies all allegations in Plaintiff's Complaint that it does not expressly admit in this Amended Answer.

Caris responds to the specific allegations in the enumerated paragraphs in Plaintiff's Complaint as follows:

**JURISDICTION**

1. No answer is necessary to paragraph 1 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 1 of Plaintiff's Complaint are contrary to law, they are denied.

1

2. No answer is necessary to paragraph 2 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 2 of Plaintiff's Complaint are contrary to law, they are denied.

## PARTIES

3. Caris denies the allegations in paragraph 3 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4. Caris admits that it is a citizen of the state of Tennessee and that it operates hospices throughout the United States.

5. The allegations in paragraph 5 of Plaintiff's Complaint refer to a website, which speaks for itself. To the extent that the allegation in paragraph 5 of Plaintiff's Complaint vary from the text of the website itself, they are denied.

6. Caris admits that its registered agent for service of process, National Registered Agents, Inc., was served with a Summons and Plaintiff's Complaint.

## OPERATIVE FACTS

7. Caris admits that in May of 2016, a representative of Brookside contacted Caris regarding Brookside's past work with hospice providers. Caris expressly denies that HospiScript was mentioned by either Caris or Brookside in the

May 2016 communications. Caris denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8. Caris admits that it executed a Non-Disclosure Agreement in September of 2016 with Brookside. Caris denies the remaining allegations of paragraph 8 of Plaintiff's Complaint.

9. The allegations in paragraph 9 of Plaintiff's Complaint refer to a Non-Disclosure Agreement, which speaks for itself. To the extent allegations in paragraph 9 of Plaintiff's Complaint vary from the text of the Non-Disclosure Agreement, they are denied.

10. The allegations in paragraph 10 of Plaintiff's Complaint refer to a Non-Disclosure Agreement, which speaks for itself. To the extent allegations in paragraph 10 of Plaintiff's Complaint vary from the text of the Non-Disclosure Agreement, they are denied.

11. The allegations in paragraph 11 of Plaintiff's Complaint refer to a Non-Disclosure Agreement, which speaks for itself. To the extent allegations in paragraph 11 of Plaintiff's Complaint vary from the text of the Non-Disclosure Agreement, they are denied.

12. The allegations in paragraph 12 of Plaintiff's Complaint refer to a Non-Disclosure Agreement, which speaks for itself. To the extent allegations in

paragraph 12 of Plaintiff's Complaint vary from the text of the Non-Disclosure Agreement, they are denied.

13. Caris admits that is executed a Business Associate Agreement with Brookside contemporaneously with the execution of the Non-Disclosure Agreement with Brookside. Caris denies the remaining allegations of paragraph 13 of Plaintiff's Complaint.

14. The allegations in paragraph 14 of Plaintiff's Complaint refer to a Business Associate Agreement, which speaks for itself. To the extent allegations in paragraph 14 of Plaintiff's Complaint vary from the text of the Business Associate Agreement, they are denied. Caris denies the remaining allegations of paragraph 14 of Plaintiff's Complaint.

15. Caris admits that Brookside provided Caris with a Master Services Agreement, which speaks for itself. To the extent that the allegations in paragraph 15 vary from the text of the Master Services Agreement, they are denied.

16. The allegations in paragraph 16 of Plaintiff's Complaint refer to a Master Services Agreement, which speaks for itself. To the extent allegations in paragraph 16 of Plaintiff's Complaint vary from the text of the Master Services Agreement, they are denied.

17. Caris admits that in or about September and October of 2016, Caris provided Brookside with data regarding its contract with Hospiscript.

18. Caris admits that on or about October 5, 2016 Brookside received an email from Natalie Swider of HospiScript, which speaks for itself.  To the extent the allegations in paragraph 18 of Plaintiff's Complaint vary from the text of the October 5, 2016 email from Natalie Swider to Brookside, they are denied.

19. Caries denies the allegation in paragraph 19 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

20. Caris admits that it provided documents and information to Brookside during October 2016.  Caris denies the remaining allegations in paragraph 20 of Plaintiff's Complaint.

21. Caris admits that it provided documents and information to Brookside during October 2016.  Caris denies the remaining allegations in paragraph 20 of Plaintiff's Complaint.

22. Caris denies the allegations in paragraph 22 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23. Caris denies the allegations in paragraph 23 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Caris admits that on November 2, 2016, representatives from Caris and Brookside participated in a telephone conference. Caris also admits that it received a copy of an invoice that Brookside claimed related to one of its customers. Caris expressly denies that it received any proprietary information from Brookside. Caris denies the remaining allegations in paragraph 24 of Plaintiff's Complaint.

25. Caris denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Caris denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Caris admits the allegations in paragraph 27 of Plaintiff's Complaint and further states that Caris did not execute an agreement with Brookside because, among other reasons, the fees Brookside wanted to charge for its services were too high.

28. Caris admits that Norman McRae informed Brookside that it would not be retaining its services. Caris also admits informing Brookside that Caris would negotiate directly with HospiScript. Caris further admits that Norman McRae thanked Brookside. Caris denies the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29. Caris admits that Caris never agreed to pay Brookside thirty-percent (30%) for Brookside's services. Caris denies the remaining allegations in paragraph 29 of Plaintiff's Complaint.

30. Caris admits that Brookside and Caris had a telephone conference on December 20, 2016. Caris also admits that it received a copy of an invoice that Brookside claimed to be related to one of Brookside's customers. Caris denies receiving any proprietary information from Brookside. Caris denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. Caris denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Caris denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Caris denies that Brookside provided Caris with proprietary information. Caries also denies that Brookside provided Caris with any services. To the extent the allegations paragraph 33 of Plaintiff's Complaint refer to an email, the email speaks for itself. To the extent the allegations in paragraph 33 of Plaintiff's Complaint vary from the text of the email, they are denied. Caris denies the remaining allegations in paragraph 33 of Plaintiff's Complaint.

## COUNT I
## [ALLEGED] BREACH OF NON-DISCLOSURE AGREEMENT

34. Caris restates and reincorporates by reference each and every preceding paragraph of this Answer as if set forth fully herein.

35. The allegations in paragraph 35 of Plaintiff's Complaint refer to a Non-Disclosure Agreement, which speaks for itself. To the extent the allegations in paragraph 35 of Plaintiff's Complaint vary from the text of the Non-Disclosure Agreement, they are denied. Caris denies the remaining allegations in paragraph 35 of Plaintiff's Complaint.

36. Caris denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Caris denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Caris denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Caris denies the allegations in paragraph 39 of Plaintiff's Complaint.

## COUNT II
## [ALLEGED] UNJUST ENRICHMENT

40. Caris restates and reincorporates by reference each and every preceding paragraph of this Answer as if set forth fully herein.

41. Caris denies that Brookside shared with Caris confidential and proprietary information relying on the expressed promise of Caris. Caris admits that it executed a Non-Disclosure Agreement with Brookside, which speaks for itself.

To the extent the allegations in paragraph 41 of Plaintiff's Complaint vary from the text of the Non-Disclosure Agreement, they are denied. To the extent not expressly admitted here, Caris denies the allegation in paragraph 41 of Plaintiff's Complaint.

42. Caris denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Caris denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Caris denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Caris denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Caris denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Caris denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. Caris denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. Caris denies the allegations in paragraph 49 of Plaintiff's Complaint.

Caris denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise deny that they are liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

## **ADDITIONAL DEFENSES**

Without admitting any of the allegations of Plaintiff's Complaint, and without admitting or acknowledging that Caris bears any burden of proof as to any of them, Caris asserts the following defenses. Caris intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and

discovery in this action and reserve the right to amend this Answer to assert all such further defenses.

### FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

### SECOND ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or have not taken action necessary to recover under the Non-Disclosure Agreement.

### THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### FIFTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has waived or released its claims.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's breach of contract claim fails under the parol evidence rule.

## **EIGHTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred under the doctrine of unclean hands.

WHEREFORE, Caris Healthcare, L.P. requests this Court to enter a judgment:

1. Denying Plaintiff any and all relief in this case;

2. Dismissing Plaintiff's claims in their entirety with prejudice;

3. Awarding Caris its costs and attorneys' fees incurred in this case; and

4. Granting Caris all other remedies that the Court deems just and proper.

Dated: March 21, 2019                **CARIS HEALTHCARE, LP**

By: /s/ *Keith J. Barnett*
Keith J. Barnett
Georgia Bar No. 142340
TROUTMAN SANDERS LLP
600 Peachtree Street NE
Suite 3000
Atlanta, Georgia
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
Email:  keith.barnett@troutman.com

## **CERTIFICATE OF COMPLIANCE**

This motion complies with Local Rule 5.1 and was prepared using a 14-point Times New Roman font.

Dated: March 21, 2019                            /s/ *Keith J. Barnett*
                                                 Keith J. Barnett
                                                     Georgia Bar No. 142340

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via CM/ECF which will send electronic notification to all counsel of record.

This 21st day of March, 2019.       */s/ Keith J. Barnett*
                                    Keith J. Barnett
                                    Georgia Bar No. 142340

                                    *Counsel for Defendant Caris Healthcare, LP*